```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

**v.**                                    **CRIMINAL NO. 1:11-00132**

**LATOSHA LYNETTE BROWN**

### MEMORANDUM OPINION AND ORDER

In Bluefield, on September 23, 2014, came the defendant, in person and by counsel, Derrick W. Lefler; came the United States by John L. File, Assistant United States Attorney; and came United States Probation Officer Brett S. Taylor, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on August 11, 2014. The court found that the defendant had received written notice of all the alleged violations as contained in the petition and that the evidence against the defendant had been disclosed. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, she has the right to a hearing and assistance of counsel before her term of supervised release could be revoked. Defendant admitted the allegations set forth in the petition. The court found that the charges were established by a preponderance of the evidence.

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was twelve to eighteen months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3565(a)(2), which allows the court to impose any term of imprisonment that was available at the initial sentencing. Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that she be incarcerated for a term of nine (9) months.  The court imposed a term of supervised release of thirty (30) months following the defendant's period of incarceration.  During her period of supervised release, defendant shall comply with the standard conditions of supervised release adopted by this court, as well as any previously-imposed special conditions.  The court

also imposed the additional special conditions of supervised release:

1. Defendant is to reside at Secor, Inc., a halfway house in Lebanon, Virginia, for a period of nine months; and

2. The defendant shall adhere to all rules and regulations of Secor, Inc. while she is a resident there.

The court also ordered defendant to pay the unpaid portion of the previously-imposed special assessment in the amount of $100.00. The special assessment is due in full immediately. If not paid immediately, the defendant shall pay any remaining balance of the $100 special assessment in payments of $25 per quarter through participation in the Bureau of Prisons' Inmate Financial Responsibility Program. Any remaining balance shall be paid during the term of supervised release at a rate of $50 per quarter.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant. The court further concluded that the sentence imposed will provide adequate deterrence to

criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of her right to appeal the court's revocation of her probation. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if she wishes to appeal and cannot afford to hire counsel to represent her on appeal, the court will appoint counsel for her. The defendant was further advised that if she so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

It is **SO ORDERED** this 29th day of September, 2014.

                ENTER:

                *David A. Faber*
                David A. Faber
                Senior United States District Judge